IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROFESSIONAL TRANSPORTATION, INC.,

    Plaintiff,

vs.

AMERICAN CASUALTY CO. OF READING, PA., CONTINENTAL CASUALTY CO., and RSKCo. SERVICES, INC.,

    Defendants.

No. 07 C 154

## MEMORANDUM OPINION AND ORDER

Plaintiff sued defendants in state court in Indiana. Defendants removed. One of the defendants, RSKCo Services, Inc. (RSKCo) initiated arbitration proceedings in Illinois, as provided in the Claim Services Agreement (CSA) between plaintiff and RSKCo. Plaintiff challenged the applicability of the arbitration provision, and Judge Young, in the Southern District of Indiana, transferred the case here because that challenge has to be heard in the district where any arbitration would proceed. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer, 49 F.3d 323, 327 (7th Cir. 1995). Defendants now move to dismiss without prejudice so as to permit the arbitration to proceed, or to stay further proceedings pending arbitration. We stay further proceedings pending arbitration.

Plaintiff opposes arbitration. It contends that its real dispute is with CNA, not RSKCo, and its agreement with CNA does not provide for arbitration. According to plaintiff, CNA claims that some $79,733 in claim services provided by RSKCo, a CNN subsidiary, do not apply as losses deducted from the Maximum Incurred Losses by plaintiff pursuant to

paragraph 5 of the Finance Agreement between plaintiff and CNA. Plaintiff claims that payments made to RSKCo should be so applied. Thus, according to plaintiff, the dispute relates to an interpretation of its insurance policies with CNA and of the Finance Agreement, and RSKCo is not a party to those agreements.

However, as Judge Young recognized, the CSA has a central role in this dispute, as plaintiff implicitly conceded by naming RSKCo as a defendant, and including the CSA as an exhibit to the complaint. In dispute is the relationship between the CSA and the Finance Agreement. And that means the "dispute (is) related to" the CSA. *See* Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc., 293 F.3d 1023, 1030 (7th Cir. 2002). We think, though, that the proper course is not to dismiss without prejudice, but to stay further proceedings pending arbitration. Continental Casualty Co. v. American National Insurance Co., 417 F.3d 727, 732 n.7 (7th Cir. 2005).

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_____May 30_____, 2007.